UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALBERT STENBERG,

      Plaintiff,                                    Case No. 20-cv-10674
                                                   Hon. Matthew F. Leitman
v.

CORIZON HEALTH, INC., *et al.*,

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (ECF No. 113)**

Plaintiff Edward Albert Stenberg is a state prisoner in the custody of the

Michigan Department of Corrections (the "MDOC"). From at least 2018 until

March 2021, Stenberg was incarcerated at two MDOC facilities: the Woodland

Center Correctional Facility ("WCC") and the Charles Egeler Reception and

Guidance Center ("RGC"). On March 2, 2021, Stenberg was transferred to the

Lakeland Correctional Facility ("LCF") in Coldwater, Michigan, where he remains

incarcerated.

In this action, Stenberg brings several claims arising out of allegedly

inadequate medical treatment that he received while incarcerated at the WCC and

RGC. (*See* Am. Compl., ECF No. 74.) He names as Defendants the individuals and

entity responsible for his medical care at those two facilities. The Defendants

1

include (1) Dr. Jeffery Stieve, who was the Chief Medical Officer of the MDOC during the relevant time period, (2) several MDOC employees who worked at the WCC and/or RGC during the relevant time period, (3) Corizon Health Inc., a medical care company that contracted with the MDOC to provide medical care to its inmates, and (4) several Corizon employees. (*See id.*)

On April 9, 2021, Stenberg filed a renewed motion for a preliminary injunction. (*See* Mot., ECF No. 86.)  In the motion, Stenberg sought an injunction that (1) "enjoin[ed] any Defendant, and those acting in concert with them, from retaliating against [him], including by denying him access to health professionals as his medical needs arise" and (2) "require[ed] Defendants to provide appropriate dental, medical, and pain management specialists independent of the [MDOC] or Corizon to consult with [him] and recommend an appropriate course of treatment." (*Id.*, PageID.1353-1354.)

The Court held a hearing on the motion on October 21, 2021, and it denied the motion without prejudice. (*See* Order, ECF No. 112.)  The Court explained that none of current Defendants are now responsible for Stenberg's healthcare. For example, Dr. Stieve has apparently retired.[1]  The other MDOC Defendants do not

---

[1] In response to Stenberg's injunction motion, the Defendants employed by the MDOC asserted that Dr. Stieve "no longer works for the MDOC." (Affidavit of Dr. James Blessman, Assistant Chief Medical Officer for the MDOC, at ¶28, ECF No. 99-1, PageID.2133.)  Stenberg does not appear to contend that Dr. Stieve remains involved in his medical care.

work at the LCF where Stenberg is now incarcerated and are therefore not currently involved in his medical care.  And, as of October 1, 2021, Corizon (and its employees) are no longer contractors of the MDOC and do not provide medical care to MDOC inmates.  The Court therefore concluded that "Stenberg's request for [] injunctive relief [was] moot because the named Defendants no longer [had] control over his medical care." (*Id.*, PageID.2257.)  Moreover, Stenberg had neither named as Defendants any of the employees at the LCF where he is currently incarcerated nor presented any evidence that those individuals had failed to provide him care or done anything wrong.  Thus, the Court concluded that an injunction was not available against any of those individuals.

Stenberg has now filed a motion for reconsideration. (*See* Mot., ECF No. 113.) In the motion, Stenberg argues that the Court erred when it concluded that none of the named Defendants have control over his current medial care.  More specifically, Stenberg says that he named the "current Chief Medical Officer" of the MDOC as a Defendant (*id.*, PageID.2622, citing Am. Compl. at ¶10, ECF No. 74, PageID.642), and Stenberg asserts that the Chief Medical Officer "has final authority over medical care in all MDOC facilities." (*Id.*, PageID.2264.)  Stenberg therefore insists that the current Chief Medical Officer is a named Defendant with control over his medical care that could be subject to the injunction he sought. (*See id.*)

3

The Court disagrees with Stenberg that the MDOC's "current Chief Medical Officer" is a Defendant in this action.  In Stenberg's Amended Complaint, he named as a single Defendant, "Dr. Jeffery Stieve, *or* current Chief Medical Officer." (Am. Compl. at ¶10, ECF No. 74, PageID.624; emphasis added.)  Dr. Stieve has appeared in this action through counsel and defended against Stenberg's claims. (*See* Appearance on behalf of Dr. Stieve, ECF No. 41; Dr. Stieve Mot. to Dismiss, ECF No. 84; Dr. Stieve Mot. for Summ. J., ECF No. 85.)  Thus, the Court cannot conclude that an additional defendant – *i.e.*, the MDOC's current Chief Medical Officer – is also a Defendant.  The current MDOC Chief Medical Officer is not specifically identified in the Amended Complaint; has not been served with the Amended Complaint; and has not appeared in this action.  The Court also cannot conclude that the current MDOC Chief Medical Officer stands in the shoes of Dr. Stieve who is sued individually.  Moreover, Stenberg's Amended Complaint does not make any allegations against the current MDOC Chief Medical Officer.  He has therefore not provided the Court a basis to conclude that the MDOC's current Chief Medical Officer would either retaliate against him or deprive him of appropriate medical care. Simply put, the MDOC's current Chief Medical Officer is not a party to this case, there are no allegations made against that individual, and there is no evidence that could support an injunction against that person.

For all of these reasons, Stenberg has not shown that the Court erred when it concluded that his request for an injunction was moot because "the named Defendants no longer have control over his medical care." (Order, ECF No. 112, PageID.2257.) The Court therefore **DENIES** Stenberg's motion for reconsideration.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 2, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764