UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALBERT STENBERG,

    Plaintiff,

v.

CORIZON HEALTH, INC., *et al.*,

    Defendants.

Case No. 20-cv-10674
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 127)

Plaintiff Edward Albert Stenberg is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Stenberg brings several claims arising out of allegedly inadequate medical treatment that he received while incarcerated. (*See* Am. Compl., ECF No. 74.) He has named as Defendants (1) Corizon Health, Inc. ("Corizon"), a medical care company that contracted with the MDOC to provide medical care to its inmates and (2) certain Corizon and MDOC employees. (*See id.*)

On October 22, 2021, the Court denied without prejudice Stenberg's motion for a preliminary injunction. (*See* Order, ECF No. 112.) On January 21, 2022, the Court granted in part and denied in part Defendants' motions to dismiss and/or for summary judgment. (*See* Order, ECF No. 120.)

1

On February 24, 2022, Stenberg filed a *pro se* motion for reconsideration of the Court's rulings described above. (*See* Mot., ECF No. 127.) In the motion for reconsideration, Stenberg seeks the following relief:

- The Court should reconsider the portion of its Order dismissing Stenberg's claim against Corizon in Count IV of the Amended Complaint for failure to exhaust because prisoners "cannot write a grievance against a vendor such as Corizon" under the applicable MDOC grievance policy. (*Id.*, PageID.2657.);
- The Court should reconsider the portion of its Order dismissing Stenberg's claims against Defendants Halee Jordan, Richard Harbaugh, and Jodi DeAngelo for failure to exhaust. (*See id.*, PageID.2660-2665.);
- The Court should grant Stenberg leave to file a Second Amended Complaint so that he can bring claims against Dr. Keith Papendick. (*See id.*, PageID.2667.);
- The Court should "clarify the matter of the injunctive relief he sought against Warden Bush and HUM Neusbaum, and allow claims for injunctive relief to continue." (*Id.*); and
- The Court should "order the MDOC to provide" Stenberg the name of the individual who assigned Stenberg his Prison Rape Elimination Act ("PREA") score "so that this unknown person may be added to the Complaint." (*Id.*, PageID.2668.)

The Court ordered Defendants to respond to Stenberg's motion (*see* Order, ECF No. 128), and Defendants did so. (*See* Defs.' Resp. Brs., ECF Nos. 131, 132, and 133.) The Court held a hearing on the motion on July 27, 2022. For the reasons explained below, the motion is **GRANTED IN PART AND DENIED IN PART**.

# I

Motions for reconsideration in this Court are governed by Local Rule 7.1(h). That rule provides that motions for reconsideration may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. Local Rule 7.1(h)(2)(A)-(C).

# II

The Court will consider each of Stenberg's requests for relief in his motion for reconsideration in turn.

First, the Court **GRANTS** Stenberg's motion for reconsideration to the extent that Stenberg asks the Court to reinstate his claims against Corizon and Defendants Jordan and Harbaugh. While the Court is not yet convinced that the parties should proceed to discovery on the merits these claims and/or that the claims should be submitted to a jury, it does believe that there are unresolved fact questions regarding Defendants' exhaustion defense that are best resolved by way of a bench trial. *See*

*Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015) (holding that "disputed issues of fact regarding exhaustion under the PLRA present[ ] a matter of judicial administration that could be decided in a bench trial"). Thus, the Court will hold a bench trial on Corizon's, Jordan's, and Harbaugh's exhaustion defense. The bench trial will be limited to the following issues: (1) under the applicable MDOC grievance policy, could Stenberg have filed (and thus exhausted) a grievance against Corizon for the claim he asserts against Corizon in Count IV of this action? and (2) under the applicable MDOC grievance policy, could Stenberg have filed (and thus exhausted) a grievance against Jordan and Harbaugh for the claims he asserts against them in this action?

Second, the Court **DENIES** Stenberg's motion to the extent that he seeks reconsideration of the Court's dismissal of the claims against Defendant DeAngelo. Stenberg has not shown that he is entitled to reconsideration of the Court's dismissal of those claims.

Third, the Court **DENIES** Stenberg's motion to the extent that he seeks leave to bring new claims against Dr. Papendick. The Court did not issue any ruling with respect to Dr. Papendick in its order resolving Defendants' motions to dismiss and/or for summary judgment. Thus, there is nothing for the Court to reconsider with respect to Dr. Papendick. Moreover, a motion for reconsideration is not the appropriate vehicle to seek leave to amend. If Stenberg wishes to file a Second

Amended Complaint that raises claims against Dr. Papendick, he shall file a properly-supported motion for leave to amend that includes, among other things, a proposed Second Amended Complaint. If Stenberg files such a motion, the Court will review it and determine if Stenberg is entitled to leave at that time.

Fourth, the Court **DENIES** Stenberg's motion to the extent that he asks the Court to "clarify the matter of injunctive relief." (Mot., ECF No. 127, PageID.2667.) Stenberg's request for clarification is vague, and he does not specifically identify any particular part of any order that he believes needs clarification. It simply is not clear to the Court what relief Stenberg seeks with respect to his claim for injunctive relief. Stenberg has therefore not shown an entitlement to reconsideration.

Finally, the Court **DENIES** Stenberg's motion to the extent that he seeks an order compelling the MDOC to produce the identity of the person who assigned him his PREA score. The MDOC Defendants initially moved to dismiss Stenberg's claim based on his PREA score on several grounds. (*See* Mot. to Dismiss, ECF No. 84.) One of those grounds was that whoever assigned Stenberg's PREA score would be entitled to qualified immunity because "[i]t [was] not clearly established that assigning a prisoner an incorrect PREA score implicates the Eighth Amendment in any way, shape, or form." (*Id.*, PageID.1099.) In support of that argument, the MDOC Defendants cited multiple cases in which courts dismissed claims from prisoners arising out of the alleged-wrongful assignment of a PREA score. (*See id.*,

5

citing *Moore v. Erickson*, 2021 WL 302616, at *5 (W.D. Mich. Jan. 29, 2021) and *Johnson v. Purdy*, 2019 WL 6912759, at *1 (E.D. Mich. Dec. 18, 2019).) In response, Stenberg did not identify any cases, on facts resembling those here, in which any court held that a defendant's wrongful assignment of a PREA score rose to the level of a constitutional violation. Nor has Stenberg identified any such cases in his motion for reconsideration. Thus, even if Stenberg knew the identity of the individual who assigned him his PREA score, he has not shown that that person would not be entitled to qualified immunity based on his pleadings. *See*, *e.g.*, *Witzke v. Rieck*, 2022 WL 678459, at ** 1-2 (E.D. Mich. Mar. 7, 2022) (explaining that court may grant motion to dismiss based on qualified immunity at the pleading stage). Stenberg has therefore not shown that he is entitled to reconsideration of the Court's order dismissing this claim.

### III

For all of the reasons explained above, Stenberg's motion for reconsideration (ECF No. 127) is **GRANTED IN PART AND DENIED IN PART** as follows:

- The motion is **GRANTED** to the extent that it seeks reinstatement of Stenberg's claim in Count IV against Corizon and his claims against Defendants Jordan and Harbaugh. The Court will hold a bench trial on the exhaustion defense raised by those Defendants as described above.

- The motion is **DENIED** in all other respects.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126