IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

EDWARD ALBERT STENBERG,

    Plaintiff,

vs.

CORIZON MEDICAL SERVICES,
INC., et. al.,

    Defendants.

Case No. 4:20-cv-10674
Hon. Matthew F. Leitman
Mag. Judge Anthony P. Patti

---

### PLAINTIFF EDWARD STENBERG'S MOTION TO CORRECT STIPULATION OF DISMISSAL [ECF NO. 184]

Mr. Stenberg seeks relief under Federal Rules 60 and 54(b) to correct his stipulated order dismissing claims against Corizon, YesCare, and CHS TX without prejudice (ECF No. 184). The stipulation should say that claims against Corizon are stayed until expiration of the stay cited in Corizon's Suggestion of Bankruptcy (ECF No. 150) and claims against new defendants YesCare and CHS TX are dismissed without prejudice.

Federal Rule 60 authorizes this Court to correct orders that reflect a mistake or inadvertence. Federal Rule 54(b) likewise authorizes this Court to modify interim orders before final disposition of a case. Mr. Stenberg asks this Court to exercise that authority to withdraw the order at ECF No. 184 and enter the corrected order at Exhibit A.

## Brief In Support Of Motion

### MISTAKE AND INADVERTENCE WHILE ATTEMPTING TO COOPERATE

Mr. Stenberg, through his appointed pro bono counsel, sought leave to amend his complaint to add claims against Corizon's (k/n/a Tehum Care Services, Inc.) alleged successor or alter ego entities, YesCare and CHS TX (ECF No. 165). In that motion Mr. Stenberg acknowledged claims against Corizon were subject to an automatic stay, but he explained why the balance of the case could continue and why he should be permitted to add claims against YesCare and CHS TX. The Court granted Mr. Stenberg's request and he amended his complaint to, in part, assert claims against new defendants YesCare and CHS TX. (ECF No. 170).

Shortly thereafter, counsel for Corizon contacted Mr. Stenberg's counsel and argued that he impermissibly sought leave to sue YesCare and CHS TX in violation of Corizon's automatic stay. Corizon argued, "Problematically, the claims against YesCare and CHS TX based on alter ego and successor liability theories are property of the estate. *S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142, 1146 (5th Cir. 1987); *Schimmelpenninck v. Byrne (In re Schimmelpenninck)*, 183 F.3d 347, 359 (5th Cir. 1999); *In re Emoral Inc.*, 740 F.3d 875, 880–82 (3d Cir. 2014)."

Mr. Stenberg has no interest in violating the automatic stay. Mr. Stenberg agreed to cooperate to make it clear claims against Corizon remain subject to the automatic

stay while the Corizon bankruptcy is pending and to withdraw claims against YesCare and CHS TX. Corizon's counsel thereafter proposed an order dismissing without prejudice claims against Corizon, YesCare, and CHS TX. Mr. Stenberg agreed to that proposed order with the intention that claims against Corizon remain subject to the automatic stay and to withdraw without prejudice claims against YesCare and CHS TX. Unfortunately, after rereading the order over the weekend following its entry, Mr. Stenberg's undersigned counsel realized the order does not accurately reflect his intent due to the undersigned's mistake and inadvertence.

Federal Rule 60 authorizes this Court to correct or modify orders based on a mistake or inadvertence. Rule 60 provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons", including "mistake, inadvertence, surprise, or excusable neglect …" Here, through mistake and inadvertence, Mr. Stenberg stipulated to dismiss claims against Corizon when his intention was to make it clear his amended complaint at ECF No. 170 does not pertain to Corizon and that any claim against Corizon remains subject to the automatic stay. He also intended to dismiss without prejudice only his claims against YesCare and CHS TX. To correct this mistake, Mr. Stenberg attaches a corrected order at Exhibit A.

Mr. Stenberg also requests this relief under Federal Rule 54(b), which authorizes this Court to modify its interim orders. Rule 54(b) provides, "any order or other

3

decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and *may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities*." (emphasis added). Mr. Stenberg asks this Court to exercise its discretion to modify its order at ECF No. 184. Doing so will ensure the order accurately reflects Mr. Stenberg's intention to dismiss YesCare and CHS while confirming claims against Corizon remain subject to the automatic stay in its bankruptcy while the Corizon bankruptcy is pending.[1]

## RELIEF REQUESTED

The undersigned regrets his mistake and inadvertence. Having caught the issue, and wanting to avoid disagreement over the intent of Mr. Stenberg's stipulation as this matter progresses, Mr. Stenberg asks this Court to enter the corrected order at Exhibit A.

---

[1] Corizon's counsel informed the undersigned that the Corizon plan of reorganization became effective March 31, 2025. Attached at Exhibit B is a copy of the United States Bankruptcy Court Order confirming, "Each of the conditions precedent to the occurrence of the Effective Date, as set forth in Article X of the Plan [of Reorganization], has been satisfied or waived in accordance therewith, and the Plan became effective and was substantially consummated on March 31, 2025 …" The stay affecting Corizon therefore appears to have expired, but Mr. Stenberg will investigate this further and be prepared to discuss bankruptcy status at the April 11 status conference with this Court.

4

Date: April 1, 2025                   Respectfully submitted,
Brooks Wilkins Sharkey & Turco PLLC

By: */s/ Michael R. Turco* (P48705)
401 S. Old Woodward Avenue, Ste. 400
Birmingham, Michigan 48009
248.971.1713
turco@bwst-law.com
Attorney for Edward Stenberg

5

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 1, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

    /s/ Michael R. Turco (P48705)
BROOKS WILKINS SHARKEY & TURCO PLLC
401 S. Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1800
turco@bwst-law.com
Attorney for Edward Stenberg