## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

EDWARD ALBERT STENBERG,

                Plaintiff,

vs.

CORIZON HEALTH, INC., et al.

                Defendants.

Case No.: 4:20-cv-10674

Honorable Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## KEITH PAPENDICK M.D.'S ANSWER TO PRISONER CIVIL RIGHTS SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

Defendant, Keith Papendick, M.D. ("Dr. Papendick"), by his attorneys, Bowman and Brooke LLP, submits the following as its Answer to Prisoner Civil Rights Second Amended Complaint ("SAC").

### I.  JURISDICTION

1.    To the extent an Answer is required, Dr. Papendick denies the allegations contained in paragraph 1 of the SAC.

2.    To the extent an Answer is required, Dr. Papendick denies the allegations contained in paragraph 2 of the SAC.

### II. PARTIES

3.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the SAC.

4.      Dr. Papendick admits only that Corizon Health, Inc. was doing business in Michigan pursuant to a contract to provide health care services to inmates of the Michigan Department of Corrections. Dr. Papendick denies the remaining allegations in paragraph 4 of the SAC.

5.      Dr. Papendick denies all allegations in paragraph 5 of the SAC because they are untrue as stated.

6.      Dr. Papendick denies the allegations contained in paragraph 6 of the SAC because they are untrue as stated.

7.      To the extent an Answer is required, Dr. Papendick denies the allegations contained in paragraph 7 of the SAC, because the entities cannot collectively be referred to as Corizon.

8.      Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the SAC.

9.      Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the SAC.

10.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the SAC.

11.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the SAC.

12.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the SAC.

13.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the SAC.

14.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the SAC.

16.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the SAC.

17.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the SAC.

18.     Dr. Papendick admits only that he is a medical doctor and denies the remaining allegations in paragraph 18 of the SAC.

### III.   EXHAUSTION OF AVAILABLE REMEDIES

19.     Dr. Papendick denies the allegations contained in paragraph 19 of the SAC, because they are untrue as stated.

20.     Dr. Papendick denies the allegations contained in paragraph 20 of the SAC, because they are untrue as stated.

## IV.   CLAIM I

21.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21, including subparts (A)-(B), of the SAC.

## STATEMENT OF FACTS

22.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the SAC.

23.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the SAC.

24.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the SAC.

25.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the SAC.

26.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the SAC.

27.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the SAC.

28.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the SAC.

29.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the SAC.

30.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the SAC.

31.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the SAC.

32.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the SAC.

33.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the SAC.

34.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the SAC.

35.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the SAC.

36.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the SAC.

37.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the SAC.

38.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the SAC.

39.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the SAC.

40.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the SAC.

41.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the SAC.

42.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the SAC.

43.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the SAC.

44.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the SAC.

45.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the SAC.

46.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the SAC.

47.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the SAC.

48.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the SAC.

49.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the SAC.

50.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the SAC.

51.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the SAC.

52.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the SAC.

53.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the SAC.

## STATEMENT OF CLAIMS

54.    Dr. Papendick denies the allegations contained in paragraph 54 of the SAC, because they are untrue as stated.

55.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the SAC.

56.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the SAC.

57.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the SAC.

## RELIEF REQUESTED

58.     Dr. Papendick denies that this Court should issue the requested injunction. Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the SAC.

59.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the SAC.

60.     Dr. Papendick denies the allegations contained in paragraph 60 of the SAC, because they are untrue as stated.

61.     Dr. Papendick denies the allegations contained in paragraph 61 of the SAC, because they are untrue as stated.

62.     Dr. Papendick denies the allegations contained in paragraph 62 of the SAC, because they are untrue as stated.

63.     Dr. Papendick denies the allegations contained in paragraph 63 of the SAC, because they are untrue as stated.

## V.     CLAIM II

64.     Dr. Papendick denies the allegations contained in paragraph 64, including subparts (A)-(D) of the SAC, because they are untrue as stated.

## STATEMENT OF FACTS

65.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the SAC.

66.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the SAC.

67.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the SAC.

68.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the SAC.

69.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the SAC.

70.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the SAC.

71.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the SAC.

72.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the SAC.

73.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the SAC.

74.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the SAC.

75.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the SAC.

76.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the SAC.

77.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the SAC.

## STATEMENT OF CLAIMS

78.     Dr. Papendick denies the allegations contained in paragraph 78 of the SAC, because they are untrue as stated.

79.     Dr. Papendick denies the allegations contained in paragraph 79 of the SAC, because they are untrue as stated.

80.     Dr. Papendick denies the allegations contained in paragraph 80 of the SAC, because they are untrue as stated.

## RELIEF REQUESTED

81.     No response is required to this paragraph. To the extent a response is required, Dr. Papendick denies the allegations contained in paragraph 81 of the SAC.

82.     Dr. Papendick denies the allegations contained in paragraph 82 of the SAC, because they are untrue as stated.

83.     Dr. Papendick denies the allegations contained in paragraph 83 of the SAC, because they are untrue as stated.

84.     Dr. Papendick denies the allegations contained in paragraph 84 of the SAC, because they are untrue as stated.

85.    Dr. Papendick denies the allegations contained in paragraph 85 of the SAC, because they are untrue as stated.

86.    Dr. Papendick denies the allegations contained in paragraph 86 of the SAC, because they are untrue as stated.

87.    Dr. Papendick denies the allegations contained in paragraph 87 of the SAC, because they are untrue as stated.

88.    Dr. Papendick denies the allegations contained in paragraph 88 of the SAC, because they are untrue as stated.

89.    Dr. Papendick denies the allegations contained in paragraph 89 of the SAC, because they are untrue as stated.

## VI.    CLAIM III

90.    Dr. Papendick denies the allegations contained in paragraph 90, including subparts (A)-(G) of the SAC, because they are untrue as stated.

91.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the SAC.

92.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the SAC.

93.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the SAC.

94.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the SAC.

95.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the SAC.

96.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the SAC.

97.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the SAC.

98.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the SAC.

99.     Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the SAC.

100.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the SAC.

101.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the SAC.

102.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the SAC.

103.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the SAC.

104.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the SAC.

105.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the SAC.

106.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the SAC.

107.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the SAC.

108.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the SAC.

109.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the SAC.

110.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the SAC.

111.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the SAC.

112.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the SAC.

113.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the SAC.

114.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the SAC.

115.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the SAC.

116.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the SAC.

117.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the SAC.

118.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the SAC.

119.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the SAC.

120.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the SAC.

121.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the SAC.

122.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the SAC.

123.    Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the SAC.

124.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the SAC.

125.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the SAC.

126.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the SAC.

127.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the SAC.

128.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the SAC.

129.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the SAC.

130.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the SAC.

131.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the SAC.

132.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the SAC.

133.   Dr. Papendick denies the allegations contained in paragraph 133 of the SAC, because they are untrue as stated.

## STATEMENT OF CLAIMS

134. Dr. Papendick denies the allegations contained in paragraph 134 of the SAC, because they are untrue as stated.

## RELIEF REQUESTED

135. No response is required to this paragraph. To the extent a response is required, Dr. Papendick denies the allegations contained in paragraph 135 of the SAC.

136. Dr. Papendick denies the allegations contained in paragraph 136 of the SAC, because they are untrue as stated.

137. Dr. Papendick denies the allegations contained in paragraph 137 of the SAC, because they are untrue as stated.

138. Dr. Papendick denies the allegations contained in paragraph 138 of the SAC, because they are untrue as stated.

139. Dr. Papendick denies the allegations contained in paragraph 139 of the SAC, because they are untrue as stated.

140. Dr. Papendick denies the allegations contained in paragraph 140 of the SAC, because they are untrue as stated.

141. Dr. Papendick denies the allegations contained in paragraph 141 of the SAC, because they are untrue as stated.

## VII. CLAIM IV

142.   Dr. Papendick denies the allegations contained in paragraph 142, including subparts (A)-(C) of the SAC, because they are untrue as stated.

## STATEMENT OF FACTS

143.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the SAC.

144.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the SAC.

145.   Dr. Papendick denies the allegations contained in paragraph 145 of the SAC, because they are untrue as stated.

146.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the SAC.

147.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the SAC.

148.   Dr. Papendick denies the allegations contained in paragraph 148 of the SAC, because they are untrue as stated.

149.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the SAC.

150.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the SAC.

151.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the SAC.

152.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the SAC.

153.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the SAC.

154.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the SAC.

155.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of the SAC.

156.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the SAC.

157.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the SAC.

158.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the SAC.

159.   Dr. Papendick is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the SAC.

160.   Dr. Papendick denies the allegations contained in paragraph 160 of the SAC, because they are untrue as stated.

161.   Dr. Papendick denies the allegations contained in paragraph 161 of the SAC, because they are untrue as stated.

## STATEMENT OF CLAIMS

162.   Dr. Papendick denies the allegations contained in paragraph 162 of the SAC, because they are untrue as stated.

## RELIEF REQUESTED

163.   No response is required to this paragraph. To the extent a response is required, Dr. Papendick denies the allegations contained in paragraph 163 of the SAC.

164.   Dr. Papendick denies the allegations contained in paragraph 164 of the SAC, because they are untrue as stated.

165.   Dr. Papendick denies the allegations contained in paragraph 165 of the SAC, because they are untrue as stated.

166.   Dr. Papendick denies the allegations contained in paragraph 166 of the SAC, because they are untrue as stated.

WHEREFORE Defendant Keith Papendick, M.D. respectfully requests this Honorable Court to enter a Judgment of No Cause of Action in his favor, with costs and attorneys' fees, and such other relief as this Court deems just and proper.

**BOWMAN AND BROOKE LLP**

Dated: July 2, 2025                  By:   /s/*Sunny Rehsi*
                                           Sunny Rehsi (P80611)

Adam Masin (Admitted 5/1/2025)
Attorneys for Defendant CHS TX,
Inc., d/b/a YesCare Corp. and Keith
Papendick
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com
adam.masin@bowmanandbrooke.com

## SPECIAL AND AFFIRMATIVE DEFENSES

Defendant Keith Papendick, M.D. ("Dr. Papendick"), by his attorneys, Bowman and Brooke LLP, provides the following list of Special and Affirmative Defenses that he may rely upon in defense of the Second Amended Complaint:

1.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or laches.

2.      Plaintiff's claims are barred, in whole or in part, for failing to state a claim upon which relief can be granted.

3.      Plaintiff may have failed to mitigate his damages. Dr. Papendick reserves the right to conduct discovery on this issue.

4.      The proximate cause of any and all injuries sustained by Plaintiff was the result of voluntary misconduct by Plaintiff.

5.      Plaintiff's Second Amended Complaint is defective as a matter of law as to Dr. Papendick in that the Complaint sounds in medical malpractice under Michigan state law and the Second Amended Complaint is not accompanied by an affidavit of merit as required by MCL 600.2912d(1).

6.      Plaintiff's Second Amended Complaint is defective as a matter of law as to Dr. Papendick in that the Complaint sounds in medical malpractice under Michigan state law and the Second Amended Complaint is not preceded by a notice of intent sufficient to comply with the requirements under MCL 600.2912b.

7.     Plaintiff's Second Amended Complaint is defective for failing to comply with the provisions of MCL 600.2912b.

8.     Dr. Papendick is not vicariously liable for the actions of his co-defendants.

9.     Plaintiff's claims must be dismissed for failing to exhaust administrative remedies. 42 U.S.C. §1997e(a). *See also Porter v. Nussle*, 534 US 516 (2002); *Booth v. Churner*, 532 US 731 (2001).

10.    Some or all of Plaintiff's claims are barred by immunity being statutory, common law, absolute, or qualified immunity.

11.    Section 1983 liability may not be imposed solely on the basis of respondeat superior.

12.    Plaintiff's claims are barred by MCL 600.2955 and MCL 600.2955b.

13.    The proximate cause of any and all injuries suffered by Plaintiff was the result of Plaintiff's own contributory and/or comparative negligence and/or unlawful behavior.

14.    Plaintiff's claims may be barred by the doctrines of *res judicata* and/or collateral estoppel.

15.    Plaintiff's claims are barred by the wrongful conduct doctrine.

16.    Plaintiff has failed to plead a valid deliberate indifference claim pursuant to the Fourteenth Amendment of the United States Constitution, for the

reason that Dr. Papendick was not deliberately indifferent towards Plaintiff's constitutional rights.

17.     Plaintiff's 42 U.S.C. §1983 claims against Dr. Papendick are barred for the reason that there has been no official policy, custom or practice alleged in the Second Amended Complaint and Plaintiff's claims are deficient.

18.     Dr. Papendick incorporates by reference any and all Affirmative Defenses asserted by his co-defendants in this action.

19.     Dr. Papendick was not acting under the color of state law.

20.     At all times Dr. Papendick complied with the standard of care.

21.     Dr. Papendick reserves the right to name further affirmative defenses in accordance with the applicable Court Rules as discovery makes them known and/or to withdraw affirmative defenses in accordance with the Court Rules if that becomes appropriate as discovery commences.

WHEREFORE Defendant Keith Papendick, M.D. respectfully requests this Honorable Court to enter a Judgment of No Cause of Action in his favor, with costs and attorneys' fees, and such other relief as this Court deems just and proper.

**BOWMAN AND BROOKE LLP**

Dated: July 2, 2025                    By:     /s/*Sunny Rehsi*
                                                Sunny Rehsi (P80611)
                                                Adam Masin (Admitted 5/1/2025)

Attorneys for Defendant CHS TX,
Inc., d/b/a YesCare Corp. and Keith
Papendick
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com
adam.masin@bowmanandbrooke.com

## RELIANCE UPON JURY DEMAND

Defendant Keith Papendick, M.D., by and through his attorneys, Bowman and

Brooke LLP, hereby relies upon Plaintiff's demand for a trial by jury for all triable

issue in the above-captioned matter.

**BOWMAN AND BROOKE LLP**

Dated: July 2, 2025                    By:    /s/*Sunny Rehsi*
                                              Sunny Rehsi (P80611)
                                              Adam Masin (Admitted 5/1/2025)
                                              Attorneys for Defendant CHS TX,
                                              Inc., d/b/a YesCare Corp. and Keith
                                              Papendick
                                              101 W. Big Beaver Road, Suite 1100
                                              Troy, MI 48084
                                              248.205.3300
                                              sunny.rehsi@bowmanandbrooke.com
                                              adam.masin@bowmanandbrooke.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 2, 2025, I electronically filed the foregoing paper with

the clerk of the United States District Court, Eastern District Southern Division using

the ECF system which will send notification of such filing to the following:

Michael R. Turco (P48705)
Brooks Wilkins Sharkey &
Turco PLLC
Attorneys for Plaintiff
401 S. Old Woodward Avenue
Suite 400
Birmingham, MI  48009
248.971.1713
turco@bwst-law.com

**BOWMAN AND BROOKE LLP**

By:     /s/*Sunny Rehsi*
Sunny Rehsi (P80611)
Adam Masin (Admitted 5/1/2025)
Attorneys for Defendant CHS TX,
Inc., d/b/a YesCare Corp. and Keith
Papendick
101 W. Big Beaver Road, Suite 1100
Troy, MI 48084
248.205.3300
sunny.rehsi@bowmanandbrooke.com
adam.masin@bowmanandbrooke.com
