UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALBERT STENBERG,

       Plaintiff,                          Case No. 20-cv-10674
                                                Hon. Matthew F. Leitman

v.

CORIZON HEALTH, INC., *et al.*,

       Defendants.

_____/

## ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS (ECF No. 178)

Plaintiff Edward Albert Stenberg is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Stenberg alleges that he received constitutionally inadequate medical care while incarcerated at various MDOC facilities. Stenberg's operative Complaint is his Second Amended Complaint, a pleading that was drafted by *pro bono* counsel that the Court appointed for Stenberg. (*See* Sec. Am. Compl., ECF No. 170.) In that pleading, Stenberg brings claims against several MDOC employees. (*See id.*)

Two of those MDOC-employee Defendants, Health Unit Manager Richard Harbaugh and nursing supervisor Halee Jordan, have now moved to dismiss Stenberg's claims against them. (*See* Mot., ECF No. 178.) The Court has carefully reviewed Defendants' motion to dismiss, Stenberg's response (*see* Resp., ECF No.

1

179), and Defendants' reply (*see* Reply, ECF No. 181), and it concludes that Harbaugh and Jordan are entitled to relief.[1]   The Court therefore **GRANTS** Defendants' motion and **DISMISSES** Stenberg's claims against Harbaugh and Jordan.[2]

## I

## A

The Court starts with Stenberg's allegations against Harbaugh.  Harbaugh was the Health Unit Manager ("HUM") at the Woodland Center Correctional Facility (the "WCC") where Stenberg was incarcerated in 2017 and 2018. (*See* Sec. Am. Compl. at ¶ 8, ECF No. 170, PageID.3280.)  As the HUM, Harbaugh "ha[d] the direct responsibility for the prisoners assigned to the housing units under his management, which include[d] that all prisoner[s] under his management receive[d] proper and timely medical care." (*Id.*, PageID.3280-3281.)

Stenberg's claim against Harbaugh is found in Count I of the Second Amended Complaint.  In that Count, Stenberg alleges that he "was denied medical

---

[1] The Court concludes that it may resolve Defendants' motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

[2] Defendants' motion at one point also asks the Court to dismiss the claims against two additional Defendants, Van Brown and Dr. Mark Cooks. (*See* Mot., ECF No. 178, PageID.3575.)   The reference to Brown and Dr. Cooks appears to be a typographical error because the motion does not contain any arguments with respect to the claims brought against either Brown or Dr. Cooks.  The Court therefore declines to dismiss Stenberg's claims against Brown and Dr. Cooks at this time.

care" when (1) "the MDOC and its agents lost [his] dentures during a routine facility transfer" and (2) another Defendant, Dr. Mark Cooks, failed to replace those lost dentures. (*Id.* at ¶ 21, PageID.3284.)   Stenberg further alleges in Count I that after the MDOC lost his dentures, he made numerous efforts over a long period of time to have them replaced, and those efforts were rebuffed. (See *generally id.* at ¶¶ 27-53, PageID.3286-3293.)

The allegations in Count I refer to only one act by Harbaugh.  That act relates to a memorandum written by an MDOC administrative assistant named Paul Schreiber.  Stenberg says that his efforts to obtain replacement dentures "led to a meeting" between himself and Schreiber to address the dentures issue. (*Id.* at ¶ 44, PageID.3291.)   During that meeting, Schreiber asked Stenberg if he (Stenberg) would meet with a prosthodontist one more time "to try to get the dentures made." (*Id*).  Stenberg "agreed and [Schreiber] issued a memo to document this resolution." (*Id.*)  Two weeks later, Schreiber "issued another memo stating the same information as the previous memo but adding an erroneous statement from … Harbaugh." (*Id*. at ¶ 45, PageID.3291.)  In that statement, Harbaugh "asserted that the entire wait for dentures was caused by [Stenberg]." (*Id.*)   Stenberg suggests that this erroneous statement by Harbaugh led to the cancellation of the plan to have him see a prosthodontist so that he could be fitted for replacement dentures. (*See id.* at ¶¶ 47-51, PageID.3292-3293.)

3

**B**

The Court next turns to the allegations against Jordan. Jordan "was a nurse manager at the Dwayne Waters Health Center" (the "DWC"). (*Id.* at ¶ 10, PageID.3821.) In that role, Jordan "was responsible for the supervision of nurse's [sic] and resident care aides who provide emergent and routine medical care to prisoners." (*Id.*)

The allegations against Jordan are included in Count II of the Second Amended Complaint. In that Count, Stenberg says that he was wrongly denied medical care between July and September 2018 while he was incarcerated at the DWC and was "experiencing significant pain, limited movement and swelling around his abdominal area." (*Id.* at ¶ 65, PageID.3296.) He references Jordan in just two paragraphs of that Count:

- First, Stenberg says that on August 10, 2018, his sister, Monica Rowe, "contacted RN Jordan on [Stenberg's] behalf and made her aware of [Stenberg's] serious medical needs." (*Id.* at ¶ 72, PageID.3298.); and

- Second, Stenberg alleges that after he "filed a grievance concerning the denial of medical attention," Jordan "informed [him] that his [Electronic Health Record] from 7-24-2018 to 8-18-2018 did not document his requests for assistance, despite the fact that she herself had talked to

4

[Stenberg's] sister and was aware of the problem [with Stenberg's health]."
(*Id.* at ¶ 75, PageID.3299.)

## II

Harbaugh and Jordan have moved to dismiss Stenberg's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id.* When assessing the sufficiency of a       plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Mere "conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A plaintiff must therefore provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Stenberg brings his claims against the Defendants under 42 U.S.C. § 1983. "To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the

deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)). A plaintiff's "allegations must demonstrate that each defendant [], through his or her own individual actions, *personally* violated [the] plaintiff's rights." *Johnson v. Mosley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original).

## III

### A

As the Court has previously explained in this case (*see* Order, ECF No. 120, PageID.2432-2434), "[t]he Supreme Court has long recognized that the government has a constitutional obligation to provide medical care to those whom it detains." *Griffith v. Franklin Cty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020). *See also Estelle v. Gamble,* 429 U.S. 97, 104 (1976). That obligation arises under the Eighth Amendment to the United States Constitution, which "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle,* 429 U.S. at 104). An Eighth Amendment claim "has two components, one objective and one subjective." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). The contours of those components are well-established.

6

"The objective component requires the existence of a 'sufficiently serious' medical need." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This type of need includes one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (quotation omitted).

"The subjective element requires 'an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Blackmore*, 390 F.3d at 895). "Officials have a sufficiently culpable state of mind where officials act with 'deliberate indifference' to a serious medical need." *Id.* (quoting *Farmer*, 511 U.S. at 834). "Under this standard, 'the plaintiff must show that each defendant acted with a mental state 'equivalent to criminal recklessness.'" *Griffith*, 975 F.3d at 568 (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018)). "This showing requires proof that each defendant 'subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Id.* (quoting *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001)).

**B**

Stenberg's deliberate indifference claim against Harbaugh in Count I of the Second Amended Complaint fails because Stenberg has not plausibly alleged that Harbaugh had a "sufficiently culpable state of mind" that could satisfy the subjective component of that claim. *Jones*, 625 F.3d at 941 (citation omitted). Indeed, while Stenberg says that Harbaugh erroneously attributed Stenberg's entire wait for replacement dentures to Stenberg, Stenberg has not included any allegations related to Harbaugh's state of mind when Harbaugh made that statement. For example, Stenberg does not allege that Harbaugh knew that the statement was false when he (Harbaugh) made it. Nor does Stenberg allege any facts from which the Court could conclude that Harbaugh made the statement "with a mental state 'equivalent to criminal recklessness.'" *Griffith*, 975 F.3d at 568 (quoting *Rhinehart*, 894 F.3d at 738). Finally, Stenberg does not plausibly allege any facts showing that Harbaugh was aware of and consciously "disregarded" a "substantial risk" to Stenberg's health when he made the statement. *Id.* Stenberg has therefore not satisfied his burden to plead facts that could establish the subjective component of his deliberate indifference claim against Harbaugh.

Stenberg counters that Harbaugh's culpability can be inferred from the "medical kites and administrative grievances [Stenberg] attached to his Second Amended Complaint." (Resp., ECF No. 179, PageID.3608.) The Court has reviewed

those kites and grievances, and they do not establish the subjective component of Stenberg's deliberate indifference claim.  Most of the documents do not reference or relate to Harbaugh in any way, and the three documents that do concern Harbaugh say nothing about his state of mind.  The first two documents that relate to Harbaugh are the memoranda written by Schreiber (described above at Section (I)(A)). (*See* ECF No. 170-1, PageID.3344, 3348.)  Those memoranda simply report Harbaugh's statement that Stenberg was responsible for the delays in replacing his dentures. Nothing in the memoranda indicates that Harbaugh made that statement with a culpable state of mind.  The final document that Stenberg identifies is a November 26, 2019, letter that he wrote to Harbaugh. (*See id.*, PageID.3347.)  But that letter was written *after* Harbaugh allegedly told Schreiber that Stenberg was responsible for the delay in replacing his dentures, and thus it says nothing about Harbaugh's state of mind at that time.  Moreover, the letter simply sought an update on "what [was] going on with" Stenberg's request for replacement dentures, and the letter does not suggest that Harbaugh ever acted with a culpable state of mind. (*Id.*)

For all of these reasons, Stenberg has not pleaded a viable deliberate indifference claim against Harbaugh.  Stenberg's claim against Harbaugh in Count I of the Second Amended Complaint is therefore **DISMISSED**.

**C**

The allegations against Jordan in Count II of the Second Amended Complaint are also insufficient to state an Eighth Amendment claim. Those allegations do not satisfy the subjective component of Stenberg's deliberate indifference claim because Stenberg has not pleaded sufficient facts to establish that Jordan, a nursing supervisor, consciously disregarded a risk to Stenberg's health. Stenberg makes three allegations against Jordan in Count II. The Court addresses them separately below.

**1**

Stenberg first alleges that his sister called Jordan to tell Jordan that Stenberg suffered from serious medical issues. (*See* Sec. Am. Compl. at ¶ 72, ECF No. 170, PageID.3298.) That allegation falls short because it says nothing about how Jordan responded to the call. For instance, Stenberg does not contend that Jordan received the call and then failed to arrange for Stenberg to receive medical care. And Stenberg's own allegations belie any implication to that effect. Indeed, Stenberg alleges that the day after his sister allegedly called Jordan, he was examined by a nurse practitioner, blood work was ordered, and the nurse practitioner "determined that [Stenberg's] liver and spleen were enlarged." (*Id.* at ¶ 73, PageID.3298.) Then, a few days later, when the results of the blood work were "returned[,] …. 4 of [Stenberg's] medications were increased." (*Id.* at ¶ 74, PageID.3298.) Against this

10

backdrop, the Court cannot conclude that Stenberg has sufficiently alleged that Jordan acted with deliberate indifference with respect to the call from Stenberg's sister.

## 2

Stenberg next alleges that Jordan acted with deliberate indifference when she allegedly failed to record the call from Stenberg's sister in his medical records. (*See id.* at ¶ 75, PageID.3299.)  But Stenberg makes no allegations concerning Jordan's state of mind at the time she allegedly failed to record the call.  For instance, he pleads no facts to show that she acted with a state of mind akin to criminal recklessness, as opposed to mere negligence.  Nor does he plead any facts showing that Jordan knew or should have known that failing to note the phone call in his medical records posed a substantial risk of harm to Stenberg.  For these reasons, Stenberg's allegations concerning Jordan's failure to record the call from his sister in his medical records is insufficient to establish an Eighth Amendment violation by Jordan.

## 3

Finally, Stenberg's claim fails to the extent that it rests upon his contention that Jordan "failed to adequately supervise nurses under her care to ensure Stenberg received [adequate] treatment." (Resp., ECF No. 179, PageID.3608.)  As the Sixth Circuit has explained, "§ 1983 liability must be based on more than *respondeat*

11

*superior*, or the right to control employees. Thus, a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal citation and quotation marks omitted).  And there are no such factual allegations about Jordan's participation in, or encouragement of, the alleged failure to treat Stenberg here.

4

For all of these reasons, Stenberg has not pleaded a viable deliberate indifference claim against Jordan.  Stenberg's claim against Jordan in Count II of the Second Amended Complaint is therefore **DISMISSED**.

IV

For all of the reasons explained above, Defendants' motion to dismiss (ECF No. 178) is **GRANTED**, and Stenberg's claims against Defendants Harbaugh and Jordan are **DISMISSED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 23, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 23, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126