Case 4:20-cv-10674-MFL-APP   ECF No. 215, PageID.3846   Filed 03/26/26   Page 1 of 9

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EDWARD ALBERT STENBERG,

       Plaintiff,

v.

CORIZON HEALTH, INC., et al.

       Defendants.

Case No.:  4:20-cv-10674
Hon. Matthew F. Leitman
Magistrate Judge Anthony P. Patti

| | |
|---|---|
| Edward Albert Stenberg (#124629) PRO SE Plaintiff Lakeland Correctional Facility 141 First Street Coldwater, MI 49036 | Randall A. Juip (P58538) Brian J. Richtarcik (P49390) Foley, Baron, Metzger & Juip, PLLC Attorneys for Defendants, CHS TX, Inc. d/b/a YesCare Corp., YesCare Corp, and Keith Papendick, only. 38777 Six Mile Rd., Suite 300 Livonia, MI  48152 (734) 742-1800 rajuip@fbmjlaw.com brichtarcik@fbmjlaw.com |

**FOLEY BARON METZGER & JUIP, PLLC LAW FIRM'S MOTION
TO WITHDRAW AS ATTORNEYS FOR DEFENDANTS**

    **NOW COMES** FOLEY BARON METZGER & JUIP, PLLC ("FBMJ"),

counsel for Defendants, CHS TX, Inc d/b/a YesCare Corp., YesCare Corp

and Keith Pappendick, MD ("Clients"), respectfully move this Honorable

Court for leave to withdraw as counsel of record pursuant to E.D. Mich. LR

83.25, and in support states as follows:

1.  This is a deliberate indifference lawsuit brought pursuant to 42 U.S.C. §1983, alleging violations of Plaintiff's Eighth and Fourteenth Amendment Rights. There is also a pendant State Claim alleging medical malpractice.

2.  FBMJ and their attorneys entered their appearances in this matter on behalf of Clients CHS TX, Inc d/b/a YesCare Corp., YesCare Corp and Keith Pappendick, MD.

3.  Other counsel from Bowman and Brooke, LLP also representing CHS TX, Inc d/b/a YesCare Corp., YesCare Corp and Keith Pappendick, MD have appearances in this case.

4. Pursuant to Rule 83.25 of the Local Rules of the United States District Court for the Eastern District of Michigan, the undersigned attorney hereby requests the Court that FBMJ and their attorneys, Randall A. Juip and Brian J. Richtarcik, currently listed as counsel of record for Clients who are defendants in this case, shall be permitted to withdraw as counsel for Clients in this case.

5. FBMJ has continued to have issues concerning certain obligations involving Clients honoring their obligations to FBMJ (including the payment of FBMJ's attorney fees incurred in Clients' representation). This has gotten to the point that FBMJ and their attorneys can no longer continue to

2

represent Clients.

6. Continued representation of Clients by FBMJ under the circumstances will result in an unreasonable financial burden on FBMJ and hence further representation of Clients has been rendered unreasonably difficult by the clients.

7. Good cause exists for withdrawal due to the nonpayment of FBMJ's attorney fees reasonably incurred in this matter in the defense of Clients.

8. There is a complete breakdown in communications concerning the financial burden placed on FMBJ amounting to irreconcilable differences with Clients such that counsel is unable to continue defending Clients moving forward.

9. FBMJ's continued representation of Clients under the circumstances, if not permitted to withdraw as counsel, will result in undue hardship to FBMJ and their attorneys.

10. Withdrawal will not result in undue delay or prejudice to any party in this matter as discovery is open and ongoing and a trial date has not been determined.

11. Clients have been notified of his motion via email correspondence and/or U.S. Mail and advised of the obligation to comply with all court orders and deadlines.

3

12.     Counsel is unaware what arrangements Clients intend to make to retain substitute counsel and have them file an appearance or whether Clients intend to proceed pro se until new counsel appears.

13.     Counsel requests that if this motion to withdraw is granted, the Court should stay all proceedings in this case for 90 days, if needed, to provide Clients adequate time to retain new counsel and have them file an appearance on their behalf.

14.     District Court has power to stay proceeding as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Esperson v. Trugreen Ltd. P'ship*, 2010 U.S. Dist. LEXIS 64637 *4 (W.D. TN June 29, 2010).

15.     Counsel has advised Clients about the present motion and served a copy of this motion on Clients and remaining parties.

16.     A proposed order concerning the relief sought in this motion is attached as Exhibit A.

WHEREFORE, Foley Baron Metzger & Juip, PLLC respectfully requests that this Honorable Court shall grant this Motion and enter an Order permitting Foley Baron Metzger & Juip, PLLC**, including but not limited to attorneys Randall A. Juip, Brian J. Richtarcik and Chloe S.**

4

**Schumacher,** to withdraw as counsel of record for Defendants **CHS TX, Inc d/b/a YesCare Corp., YesCare Corp and Keith Pappendick MD**, and order that the present action be stayed for ninety (90) days for the purpose of permitting Clients the opportunity to retain the services of another attorney to represent them in this matter and have their new attorney file an appearance in the present case on their behalf.

Respectfully submitted,

Dated:  March 26, 2026

By: */s/ Brian J. Richtarcik*
Brian J. Richtarcik  (P49390)
Foley, Baron, Metzger & Juip, PLLC
Attorneys for Defendants, CHS TX, Inc.
d/b/a YesCare Corp., YesCare Corp,
and Keith Papendick, only
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1800 / Fax (734) 521-2379
brichtarcik@fbmjlaw.com

**BRIEF IN SUPPORT OF**
**FOLEY BARON METZGER AND JUIP, PLLC LAW FIRM'S MOTION**
**TO WITHDRAW AS ATTORNEYS FOR DEFENDANTS**

FOLEY BARON METZGER & JUIP, PLLC (FBMJ) and undersigned Counsel, rely on and incorporate the facts and law outlined in the preceding Motion as if fully set forth herein.

An attorney's appearance in this District continues until the entry of a final order or judgment or the entry of a withdrawal or substitution order.

L.R. 83.25(b). A decision to allow counsel to withdraw is at the discretion of the Court. When considering withdrawal requests, courts turn to the Model Rules of Professional Conduct for guidance. *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

As relevant here, Model Rule 1.16(b) permits a lawyer to withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> ...
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) other good cause for withdrawal exists.

*Mitsuiya Indus. Co., Ltd.. v. Formed Fiber Techs., Inc.*, No. 2:20-CV-10941-TGB-RSW, 2023 U.S. Dist. LEXIS 225818, at *5-6 (E.D. Mich. Dec. 19, 2023).

Michigan Rule of Professional Conduct 1.16(b) substantially mirrors the Model Rule. Together, these rules stop short of guaranteeing a right to withdraw, but they presume that withdrawal is permissible if the rule requirements are satisfied. *Brandon*, 560 F.3d at 538.

In the present case, FBMJ argues they have satisfied the criteria for

6

withdrawal under these rules. They warned the client responsible for payment of legal fees on multiple occasions that they would withdraw if legal fees remained unpaid. Numerous discussions have failed to resolve the issue. Refusal to pay after this warning supplies good cause for withdrawal. The refusal to pay legal bills represents a substantial failure to "fulfill an obligation to [Clients'] lawyer[s]." The present circumstances have rendered the representation of Clients unreasonably difficult. Movant argues that there are no special circumstances that weigh against granting the request to withdraw.

WHEREFORE, Foley Baron Metzger & Juip, PLLC respectfully requests that this Honorable Court shall grant this Motion and enter an Order permitting Foley Baron Metzger & Juip, PLLC**, including but not limited to attorneys Randall A. Juip and Brian J. Richtarcik,** to withdraw as counsel of record for Defendants **CHS TX, Inc d/b/a YesCare Corp., YesCare Corp and Keith Pappendick, MD**, and order that the present action be stayed for ninety (90) days for the purpose of permitting Clients the opportunity to retain the services of another attorney to represent them in this matter and have their new attorney file an appearance in the present case on their behalf.

Respectfully submitted,

Dated:  March 26, 2026

By*: /s/  Brian J. Richtarcik*
Brian J. Richtarcik  (P49390)
Foley, Baron, Metzger & Juip, PLLC
Attorneys for Defendants, CHS TX, Inc.
d/b/a YesCare Corp., YesCare Corp,
and Keith Papendick, only
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1800 / Fax (734) 521-2379
brichtarcik@fbmjlaw.com

## <u>PROOF OF SERVICE</u>

I hereby certify that on March 26, 2026, I served the foregoing document upon all counsel of record via E-File with the US District County for the Eastern District, the following defendants via email and U.S Mail:

**CHS TX, Inc., YesCare Corp., YesCare Corp**
C/o Scott J. King
Scott.King@yescarecorp.com

**CHS TX, Inc., YesCare Corp., YesCare Corp**
C/o Jennifer Finger, esq.
Jennifer.finger@yescarecorp.com
Jennifer.finger@sigmarm.org

**CHS TX, Inc., YesCare Corp., YesCare Corp**
C/o Stephen Brown
Steve.brown@yescarecorp.com

**CHS TX, Inc., YesCare Corp., YesCare Corp**
C/o Thomas Smith
Thomas.smith@yescarecorp.com
Thomas.smith@sigmarm.org

**Keith Papendick, M.D.**
21215 Uldriks Drive North
Battle Creek, MI 49017

*/s/ Lynn Rose*
Lynn Rose