UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD ALBERT STENBERG,

Plaintiff,

Case No. 20-cv-10674
Hon. Matthew F. Leitman

v.

CORIZON HEALTH, INC., *et al.*,

Defendants.

_______________________________________/

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 237)**

Plaintiff Edward Albert Stenberg is a state prisoner in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Stenberg alleges that he received constitutionally inadequate medical care while incarcerated at various MDOC facilities. On July 28, 2026, Stenberg filed a motion in which he asks the Court to appoint counsel on his behalf. (*See* Mot., ECF No. 237.) For the reasons explained below, the motion is **DENIED**.

Pursuant to 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted). *See*

*also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (affirming order denying prisoner's motion to appoint counsel in civil action).

Here, Stenberg has not established that "exceptional circumstances" warrant the appointment of counsel for several reasons. First, Stenberg's motion underscores that he is capable of presenting his legal arguments without the assistance of counsel. The motion was sophisticated, clearly articulated Stenberg's position, and was supported by citations to legal authority and other evidence. The Court is therefore confident that Stenberg can fully present his legal positions in this case.

Second, and more importantly, the Court previously appointed outstanding counsel for Stenberg (at his request), and Stenberg squandered the benefit provided by that counsel. More specifically, in 2020, the Court appointed one of this District's finest lawyers, attorney Michael Turco, to represent Stenberg. (*See* Orders, ECF Nos. 16, 17.) Turco is a named partner in the law firm of Brooks Wilkins Sharkey & Turco, and he is a Fellow with the American College of Trial Lawyers. Turco then worked tirelessly, for several years, on a *pro bono* basis, on Stenberg's behalf. And Turco won important victories for Stenberg. For example, Turco defeated in whole or in part a number of dispositive motions filed by Defendants. (*See* Order, ECF No. 120.) Despite Turco's zealous advocacy of Stenberg, and his successes on Stenberg's behalf, Stenberg stopped following Turco's advice. Accordingly, on September 11, 2025, Turco filed a motion to withdraw as Stenberg's counsel. (*See*

Mot., ECF No. 204.) One of the bases on which Turco sought to withdraw was Michigan Rule of Professional Conduct 1.16(b)(3), which provides that a lawyer should seek to withdraw where "the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent." Turco then explained that "[w]ithout imputing Mr. Stenberg with any negative intent, the fact of the matter is that Mr. Stenberg and [Turco] disagree[d] over the strategy and course of this litigation." (*Id.*, PageID.204.) The fact that Stenberg stopped following Turco's advice after Turco provided Stenberg exceptional representation for several years further persuades the Court that appointing a second lawyer for Stenberg is inappropriate here. Moreover, Stenberg has the benefit of a large amount of legal work that Turco has already done on his behalf, and that too counsels against appointing a new lawyer for Stenberg.

Finally, even though Stenberg faces several limitations in representing himself in this matter (such as his health and potentially limited access to the prison law library), the Court does not believe that those limitations warrant the appointment of counsel under these circumstances. The Court is ready, willing, and able to accommodate those limitations. For example, the Court is willing to grant Stenberg reasonable extensions of time on Court-imposed filing deadlines if he asks for them. But for all of the reasons explained above, the Court is not persuaded that the appointment of counsel is necessary or appropriate at this time.

Stenberg's motion to appoint counsel (ECF No. 237) is therefore **DENIED.**

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 31, 2026, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764